

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

Opinion No. 0-5387
Re: What are the fees allowed
county attorneys under
Articles 1061 and 1068,
Vernon's Annotated Code
of Criminal Procedure, in
gaming cases?

Your letter of June 10, 1943, requesting the opin-
ion of this department on the above stated question reads as
follows:

"Under Art. 1061 code of criminal procedure
is the County atty. the District and County atty.
shall be allowed $15.00 for each gaming case,
does that mean that in all cases disposed of is
he entitled to $15.00.

"Under Art. 1068 Crim. procedure where the
defendant pleads guilty in a charge before justice
court he is allowed $5.00 in each case, does that
mean that in all misdemeanors cases in justice
Court where the defendant pleads guilty, including
gaming.

"Please let me have your opinion on these two
Art. whether or not I am entitled to $15.00 in all
gaming cases disposed of, in justice court under a
plea of guilty."

Articles 1061 and 1068, Vernon's Annotated Code of
Criminal Procedure, read as follows:

"Article 1061. District and county attor-
neys shall be allowed the following fees in cases

tried in the district or county courts, or a county court at law, to be taxed against the defendant:

"For every conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed, fifteen dollars.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, ten dollars."

"Art. 1068. If the defendant pleads guilty to a charge before a justice, the fee allowed the attorney representing the State shall be five dollars. The attorney who represents the State in a criminal action in a justice's court shall receive, for each conviction on a plea of not guilty, where no appeal is taken, ten dollars."

It will be noted that Article 1061, supra, allows certain fees to district and county attorneys in cases tried in district or county courts, or a county court at law. Such fees are to be taxed against the defendant. Said statute allows a fee of $15.00 for each conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed. District and county attorneys are allowed a fee of $10.00 for every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed. This statute has no application to cases tried in justice courts.

Article 1068, supra, is applicable with reference to the fee allowed an attorney representing the State in misdemeanor cases which are tried in the justice court. This statute allows the attorney representing the State a fee of $5.00 if the defendant pleads guilty to a charge before a justice of the peace. Said statute also allows the attorney representing the State in a criminal action in a justice court a fee of $10.00 for each conviction upon a plea of not guilty where no appeal is taken.

If a defendant pleads guilty to a complaint charging him with an offense under the laws against gaming in the justice court the county attorney is entitled to a fee of $5.00. If the defendant pleads not guilty and is convicted in the justice court the county attorney is entitled to a fee of $10.00 where no appeal is taken.

The county attorney is entitled to a fee of $15.00 for every conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed when such cases are tried in the county courts or district courts, or a county court at law.

If the county attorney is compensated on an annual salary basis the foregoing fees are to be collected and deposited in the Officers' Salary Fund as required by Article 3912e, Vernon's Annotated Civil Statutes. Since January 1, 1936, all district attorneys in this State have been compensated on an annual salary basis. Now all fees, commissions and prerequisites which may be earned and collected by district attorneys shall be paid into the county treasury of the county in which such fees are earned for the account of the proper fund. (See Article 3886f, Vernon's Annotated Civil Statutes.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:db

APPROVED JUN 19, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

